```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FLOROS EFSTRATIOU and TRACEY
EFSTRATIOU,

                    Plaintiffs,
                                            MEMORANDUM AND ORDER
     -against-                              ADOPTING REPORT AND
                                            RECOMMENDATION AND
ADAMAR OF NEW JERSEY, INC. d/b/a            DISMISSING CASE
TROPICANA CASINO & HOTEL RESORT,
                                            06-CV-764(KAM)(VVP)
                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiffs filed the instant action on February 22, 2006. For the reasons set forth below, plaintiffs' complaint is dismissed with prejudice for failure to prosecute and to follow court orders.

### BACKGROUND

On February 22, 2006, plaintiffs Floros Efstratiou and Tracey Efstratiou (together, "plaintiffs") commenced this action alleging state law tort claims against defendant Adamar of New Jersey, Inc. ("defendant"). (ECF No. 1, Complaint filed 2/22/2006.)

On April 29, 2009, defendant filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the District of New Jersey, which had the effect of automatically staying the proceedings in this court. (ECF No.

28, Notice of Petition Under Chapter 11 of the United States Bankruptcy Code and Automatic Stay of Proceedings, filed 5/5/2009.)  By letter dated December 9, 2011, counsel for defendant advised the court that the bankruptcy proceedings had concluded with the complete liquidation of defendant, leaving no assets remaining to satisfy any judgment that plaintiffs may seek in the instant action.  (ECF No. 32, Letter Status Report to Court by Adamar of New Jersey, Inc., dated 12/9/2011.)  In response to inquiries from plaintiffs regarding insurance coverage that may be available to satisfy a judgment, (ECF No. 33, Letter from Theodore A. Stamas, dated 12/14/2011), defendant's counsel advised plaintiffs that defendant was self-insured for the first one million dollars of any liability, and provided a declarations page from the insurance policy in place for the period when plaintiffs' alleged injury occurred.  (*See* ECF No. 34, Letter to Theodore Stamas, Esq. with insurance information, dated 12/29/2011; ECF No. 35, Minute Entry for Telephone Status Conference held on 1/11/2012 before Magistrate Judge Viktor V. Pohorelsky; ECF No. 36, Minute Entry for Telephone Status Conference held on 2/10/2012 before Magistrate Judge Viktor V. Pohorelsky.)

During a telephone status conference held on February 10, 2012, Magistrate Judge Viktor V. Pohorelsky ordered as follows:

> The defendant's counsel today provided, by fax, copies of the declarations page and other selections from the insurance policy for the period when the plaintiff's injury occurred. In addition, the defendant's counsel will provide the case number and docket entry number for the filing in the bankruptcy court where the insurance policy may be found. If this information does not satisfy the plaintiff's counsel concerning the unavailability of any funds to satisfy a judgment in this action, the plaintiff's counsel shall advise the court in writing by March 1, 2012. If the court does not receive word from the plaintiff's counsel by that date, the case will be dismissed.

(ECF No. 36, Minute Entry for Telephone Status Conference held on 2/10/2012 before Magistrate Judge Viktor V. Pohorelsky.) Plaintiffs' counsel failed to advise the court by March 1, 2012 whether the information provided by defendant's counsel was sufficient.

On April 6, 2012, Magistrate Judge Pohorelsky issued a Report and Recommendation recommending that the court dismiss plaintiffs' claims against defendant. (ECF No. 37, Report and Recommendation, dated 4/6/2012.) Notice of the Report and Recommendation was sent electronically to the parties appearing on the docket via the court's electronic filing system on April

6, 2012.  As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of receipt of the report.  (*Id.*)  The statutory period for filing objections has expired, and no objections to Magistrate Judge Pohorelsky's Report and Recommendation have been filed.

On April 23, 2012, the court issued the following order:

> ORDER TO SHOW CAUSE.  By April 30, 2012, plaintiffs shall SHOW CAUSE in writing filed on ECF (i) why Magistrate Judge Pohorelsky's Report and Recommendation recommending that this case be dismissed should not be adopted; and (ii) why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the court's order directing plaintiffs' counsel to advise the court by March 1, 2012 if the information provided by defendant's counsel did not satisfy him about the unavailability of funds to satisfy a judgment.  If plaintiffs fail to respond as directed, the action will be dismissed.  Ordered by Judge Kiyo A. Matsumoto on 4/23/2012.

(Order to Show Cause dated 4/23/2012.)  Notice of the Order to Show Cause was sent electronically to the parties appearing on the docket via the court's electronic filing system on April 23, 2012.  Plaintiffs did not respond in writing to the Order to Show Cause by April 30, 2012.

4

**DISCUSSION**

I.   **Standard of Review**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

In addition, a district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is

5

unquestionably a "harsh remedy" that should be used only in "extreme situations," *id.* at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

## II. Application

Upon a review of Magistrate Judge Pohorelsky's Report and Recommendation, and considering that the parties have failed to object to Magistrate Judge Pohorelsky's well-grounded

recommendations, the court finds no clear error in the Report and Recommendation, and it is hereby adopted in its entirety as the opinion of the court.

Further, the court finds that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b). First, plaintiffs have neither advanced their claims, nor filed a stipulation of dismissal, nor advised Magistrate Judge Pohorelsky or this court whether they intend to proceed with this action. Instead, plaintiffs have allowed their case to lie dormant with no activity on their part since February 10, 2012, when defendant's counsel provided plaintiffs with documentation demonstrating that during the period when plaintiffs' alleged injury occurred, defendant was self-insured for the first one million dollars of any liability.

Second, the court has notified plaintiffs on numerous occasions that further inactivity and failures to comply with court orders would lead to dismissal of the action. On February 10, 2012, Magistrate Judge Pohorelsky cautioned plaintiffs that failure to advise the court by March 1, 2012 that the information provided by defendant's counsel was insufficient would result in dismissal of the case. (ECF No. 36, Minute Entry for Telephone Status Conference held on 2/10/2012 before

7

Magistrate Judge Viktor V. Pohorelsky.)  In addition, on April 6, 2012, Magistrate Judge Pohorelsky issued a Report and Recommendation recommending that the case be dismissed and advising the parties that failure to file objections within the specified time would waive their right to appeal any judgment or order issued by the court.  (ECF No. 37, Report and Recommendation, dated 4/6/2012.)  Finally, on April 23, 2012, the court specifically ordered plaintiffs to show cause by April 30, 2012 why their complaint should not be dismissed for failure to prosecute and failure to comply with the court's orders.  (Order dated 4/23/2012.)  Plaintiffs failed to respond to any of these orders.

Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice a defendant.  See, e.g., Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Lyell Theatre Corp., 682 F.2d at 43).  Fourth, plaintiffs' complete silence since February 10, 2012, particularly in light of defendant's representation that it has no remaining assets available to satisfy any judgment against it, suggests that plaintiffs have abandoned their case.  Fifth, no lesser sanction than dismissal is likely to be effective in light of plaintiffs' failure to respond to the court's orders

8

directing plaintiffs to take action or face dismissal of their case.

## CONCLUSION

For the reasons set forth above, plaintiffs' complaint is dismissed with prejudice.  The Clerk of the Court is respectfully requested to enter judgment and to close this case.

**SO ORDERED.**

Dated:   May 14, 2012
         Brooklyn, New York

                                        _____ /s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York